1  PHILLIP A. TALBERT
United States Attorney
2  ARIN C. HEINZ
Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
Fresno, CA 93721
4  Telephone: (559) 497-4080
Facsimile: (559) 497-4099
5

6  Attorneys for Plaintiff
United States of America

7

8

9  IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                    CASE NO.  1:22-CR-00323-NODJ-BAM

12                        Plaintiff,             STIPULATION REGARDING EXCLUDABLE
                                                 TIME PERIODS UNDER SPEEDY TRIAL ACT;
13            v.                                  ORDER

14  DAVID MITCHELL,                              DATE: December 13, 2023
                                                 TIME: 1:00 p.m.
15                        Defendant.             COURT: Hon. Barbara A. McAuliffe

16

17                              **BACKGROUND**

18          This case is set for status conference on December 13, 2023.  The Supreme Court has

19  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

20  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

21  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

22  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

23  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

24  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

25  or in writing").

26          Ends-of-justice continuances are excludable only if "the judge granted such continuance on the

27  basis of his findings that the ends of justice served by taking such action outweigh the best interest of the

28  public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is

excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference on December 13, 2023.

2. By this stipulation, the defendant moves to continue this matter to February 28, 2024 and to exclude time between December 13, 2023 and February 28, 2024 under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government provided discovery to the defense on December 20, 2022. The discovery consists of investigative reports, photographs, and other information.

    b) On January 9, 2023 new counsel for the defendant was appointed. Counsel for the defendant desires additional time to consult with her client, review the discovery, and conduct an independent investigation. Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    c) The Government made a plea offer to the defendant on March 24, 2023. Defense counsel desires additional time to review the plea, discuss it with her client, and negotiate with the government.

    d) The government does not object to the continuance.

    e) Based on the above-stated findings, the ends of justice served by continuing the case as

requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 13, 2023 to February 28, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

  4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.


IT IS SO STIPULATED.


Dated:  December 6, 2023     PHILLIP A. TALBERT
              United States Attorney


              /s/ ARIN C. HEINZ
              ARIN C. HEINZ
              Assistant United States Attorney

Dated:  December 6, 2023     /s/ CHRISTINA M. CORCORAN
              Christina M. Corcoran
              Counsel for Defendant
              David Mitchell

**ORDER**

IT IS SO ORDERED that the status conference is continued from December 13, 2023, to **February 28, 2024, at 1:00 p.m. in Courtroom 8 before Magistrate Judge Barbara A. McAuliffe**.   Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **December 6, 2023**          /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE