UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID A. MITCHELL,<br><br>Defendant. | No. 1:22-cr-00323-DAD<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE<br><br>(Doc. No. 67) |

On March 16, 2026, defendant David A. Mitchell (hereinafter "defendant"), proceeding *pro se* filed a motion seeking his compassionate release from federal custody pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 67.) On April 21, 2026, after obtaining an extension of time in which to do so, the government filed its opposition to that motion under seal because it contained reference to medical information relating to defendant. (Doc. No. 76.) On May 8, 2026, June 8, 2026 and June 12, 2026, defendant filed notices and a declaration in support of his motion and in reply to the government's opposition. (Doc. Nos. 78, 80, and 81.)

In the pending motion, defendant contends that extraordinary and compelling reasons support the granting of his motion. For the reasons explained below, defendant's motion will be denied.

/////

/////

1

**BACKGROUND**

On December 8, 2022, defendant was indicted on charges of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 1), possession with the intent to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count 2), and possession with the intent to distribute 50 grams or more of actual methamphetamine and/or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count 3). (Doc. No. 3.) On August 11, 2025, defendant entered guilty pleas pursuant to a plea agreement to Counts 1 and 2 of the indictment. (Doc. Nos. 53, 54.) On February 9, 2026, defendant was sentenced to 60–month concurrent terms in the custody of the U.S. Bureau of Prisons (BOP) as to both counts, to be followed by an aggregate term of 60–months on supervised release. (Doc. Nos. 65, 66.)[1]

Five weeks after he was sentenced, defendant filed the pending motion seeking his compassionate release. In his *pro se* motion, defendant argues that the following circumstances are extraordinary and compelling and thus justify the granting of his immediate release: (1) his mother's medical condition; (2) a risk to his safety at a prior institution of confinement; (3) his father's age; and (4) his own medical issues that he claims are not receiving medical attention while he is in BOP custody. (Doc. Nos. 67 at 1; 78; 80; 81.)

The government opposes the motion, arguing that defendant has failed to properly exhaust his administrative remedies with respect to all his claims, failed to demonstrate extraordinary and compelling reasons justifying compassionate release, and that even if he had done so, consideration of the § 3553(a) factors in his case strongly weigh against the granting of relief in light of the serious, nature of the defendant's criminal conduct. (Doc. No. 76-1.)[2]

---

[1] The sentence imposed was far below the advisory sentencing guideline range as determined by the court and was also well below the sentence recommended by the government.

[2] Defendant's projected release date is reported by BOP as January 15, 2027. However, defendant states that he expects to be released to a halfway house in the near future, a placement to which he states objection due to his opinion regarding the nature of halfway houses and in light of the anticipated location of the halfway house. (Doc. No. 81.)

2

**APPLICABLE LEGAL STANDARDS**

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.") (alterations in original) (citation omitted). Those limited circumstances include compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Prior to the enactment of the First Step Act of 2018 ("the FSA"), motions for compassionate release could only be filed by the BOP. 18 U.S.C. § 3582(c)(1)(A) (2002). Under the FSA, however, imprisoned defendants may now bring their own motions for compassionate release in the district court. 18 U.S.C. § 3582(c)(1)(A) (2018). In this regard, the FSA specifically provides that a court may:

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that–
>
> (i)     extraordinary and compelling reasons warrant such a reduction; or
>
> (ii)    the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i) and (ii).

A reduction in sentence "must be consistent with the factors set forth in 18 U.S.C. § 3553(a) and any applicable Sentencing Commission policy statement." *United States v.*

/////

3

*Gerrans*, No. 23-3822, 2024 WL 4814876, at *1 (9th Cir. Nov. 18, 2024).[3]  "The U.S. Sentencing Commission issued a policy statement for reduction of a sentence under § 3582(c)(1)(A)(i) in its November 1, 2023 Guidelines Manual."  *United States v. Simpson*, No. 3:97-cr-02903-BTM, 2024 WL 5193853, at *2 (S.D. Cal. Dec. 19, 2024).  The policy statement provides that a court may reduce a sentence after considering the § 3553(a) factors if it finds that (1) "extraordinary and compelling reasons warrant the reduction," (2) "the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g)," and (3) "the reduction is consistent with this policy statement."  U.S.S.G. § 1B1.13(a); *see also United States v. Castro-Camacho*, No. 24-6145, 2025 WL 2206110, at *2 (9th Cir. Aug. 4, 2025) ("On a compassionate-release motion brought under § 3582(c)(1)(A), a district court may reduce a sentence for 'extraordinary and compelling reasons' that are consistent with the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13.").  The policy statement further addresses "what qualifies as 'extraordinary and compelling reasons' to release a defendant from BOP custody."  *United States v. Jackson*, No. 1:06-cr-00134-JLT-1, 2025 WL 1255131, at *3 (E.D. Cal. Mar. 31, 2025) (citing U.S.S.G. § 1B1.13); *see also United States v. Inchaurregui*, No. 22-cr-02528-BAS-2, 2023 WL 7926797, at *2 (S.D. Cal. Nov. 16, 2023) ("The Sentencing Commission has recently provided definitions of extraordinary and compelling reasons . . . .").  These extraordinary and compelling reasons are:  (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) defendant as victim of abuse; (5) other reasons presented by defendant alone or in combination with the foregoing reasons, of similar gravity to the foregoing reasons; and (6) defendant's unusually long sentence.  *Jackson*, 2025 WL 1255131, at *3; *see also United States v. Fernandez*, No. 5:13-cr-00527-EJD-1, 2025 WL 943136, at *1 (N.D. Cal. Mar. 18, 2025) ("The Sentencing Commission's policy statement regarding compassionate release is set forth in U.S.S.G. § 1B1.13.  The statement provides six general circumstances that may constitute an extraordinary and compelling reason for compassionate release . . . .").

---

[3]  Citation  to this and other unpublished Ninth Circuit opinions in this order is appropriate pursuant to Ninth Circuit Rule 36-3(b).

4

"Under § 1B1.13(b)(5), the court retains substantial discretion to determine what constitutes extraordinary and compelling reasons." *United States v. Gaitan-Ayala*, No. 07-cr-00268-JMS-1, 2024 WL 3316295, at *2, n.3 (D. Haw. July 5, 2024) (citing cases); *see also Castro-Camacho*, 2025 WL 2206110, at *2 ("'[A]ny other circumstance' may also qualify for relief, but only if it is 'similar in gravity' to those delineated."); *United States v. Evans*, 759 F. Supp. 3d 1247, 1267 (S.D. Fla. Dec. 10, 2024) (recognizing that "[t]hus, in drafting § 1B1.13(b)(5), the Commission's express aim was to purposefully empower judges to exercise broad discretion, and decide on a case-by-case basis whether the catch-all provision should be applied to a particular sentence") (citing cases); *United States v. Aigbekaen*, No. 15-cr-00462-JKB, 2025 WL 1347054, at *3 (D. Md. May 8, 2025) ("This 'catchall' provision 'maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justifications for release.'"). However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement," but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d).

In the past, when moving for relief under 18 U.S.C. § 3582(c), it was recognized that the defendant bore the initial burden of demonstrating that a sentence reduction was warranted. *See United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998). Likewise, the defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022); *see also United States v. Greenhut*, No. 2:18-cr-00048-CAS, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020); *United States v. Van Sickle*, No. 18-cr-00250-JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020).

## ANALYSIS

As district courts have summarized, in analyzing whether a defendant is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the court must determine whether a defendant has satisfied three requirements:

> First, as a threshold matter, the statute requires defendants to exhaust administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Second, a district court may grant compassionate release only if "extraordinary

5

and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Third, the district court must also consider "the factors set forth in section 3553(a) to the extent that they are applicable." *Id.*

*United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019); *see also United States v. Ramirez-Suarez*, No. 16-cr-00124-LHK-4, 2020 WL 3869181, at *2 (N.D. Cal. July 9, 2020); *United States v. Parker*, 461 F. Supp. 3d 966, 973–74 (C.D. Cal. 2020); *United States v. Trent*, No. 16-cr-00178-CRB-1, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020) (noting that as to the third factor, under 18 U.S.C. § 3582(c)(1)(A) release must be "consistent with" the sentencing factors set forth in § 3553(a)).

**A.     Administrative Exhaustion**

In this case it is disputed whether defendant has satisfied the exhaustion requirement imposed by 18 U.S.C. § 3582(c)(1). Because the court will deny defendant's motion on the merits, it will assume for purposes of resolving the pending motion that defendant has satisfied the exhaustion requirement.

**B.     Extraordinary and Compelling Reasons**

As stated, "extraordinary and compelling reasons" warranting compassionate release may exist based on a defendant's medical conditions, age and other related factors, family circumstances, victimization, unusually long sentence, or "other reasons." U.S.S.G. § 1B1.13(b)(1)–(6). Here, as noted above, defendant argues that his compassionate release is warranted based upon extraordinary and compelling reasons. The government opposes the pending motion, arguing that the circumstances defendant bases his motion upon are not extraordinary and compelling and, even if they were, consideration of 18 U.S.C. § 3553(a) weighs against the granting of relief.

Considering all of the circumstances outlined above in combination, the court concludes that defendant has not met his burden of demonstrating the existence of extraordinary and compelling circumstances justifying a reduction of the 60–month term of imprisonment imposed in his case. First, as to the age or health condition of his parents, defendant has failed to present any evidence that his presence is needed by his parents as their only available caregiver. Thus,

his showing is not sufficient to support defendant's request for his immediate release from custody. *See United States v. Goodwin*, No. 4:18-cr-00072-DCN, 2022 WL 2047668, at *3 (D. Idaho June 7, 2022) ("[T]his Court concurs that the desire to care for an aging parent—while commendable—is not 'extraordinary and compelling' beyond the facts of what many prisoners and their families face so as to warrant early release."); *United States v. Shabazz*, No. 17-cr-00043-JDB, 2021 WL 4306129, at *5 (D.D.C. Sept. 22, 2021); *United States v. Wright*, No. 3:06-cr-00252-DCG, 2020 WL 6710802, at *2 (N.D. Tex. Nov. 13, 2020) ("First, Wright has not demonstrated that he is the only available caretaker for his mother. Second, Wright has provided no evidence that his mother's health conditions rise to the level of incapacity."). Indeed, as noted by the government, it appears that defendant's father is fortunately still able to work and care for himself without assistance.

Second, any concerns raised by defendant regarding his own safety are likewise unsupported and, in any event, relate to purported circumstances at defendant's prior place of local confinement. Defendant does not even claim to have any such concerns at his current place of imprisonment. Thus, those circumstances cannot support his request for compassionate release.

Third, defendant is quite adamant in claiming that he is not receiving adequate medical care at his current institution of confinement. In this regard he has complained of a lack of medical treatment for headaches, arthritis, a knee condition, a left elbow condition, need for wrist braces, diabetes, sleep apnea, dental issues and the denial of needed medications. (Doc. Nos. 67, 78, 80, and 81.) He has accused the BOP of falsifying medical records and lying with respect to the medical attention provided to him during his brief period of confinement. (Doc. No. 78.)[4] Defendant's allegations are serious but unsupported by any evidence. Most importantly, defendant has failed to make a sufficient showing that he is suffering from a medical condition requiring long-term or specialized medical care that is not being provided to him and without which he is at risk of serious deterioration in health or death. *See United States v. Adams*, No. 19-

_____

[4] Defendant also complains of the lack of medical care for other prisoners incarcerated at his institution of confinement.

cr-01787-BAS-22, 2024 WL 1810485, at *3 (S.D. Cal. Apr. 25, 2024) (citing U.S.S.G. § 1B1.13(b)(C)); *see also United States v. Collado-Reyes,* No. 19-321-01, 2025 WL 3473366, at *2 (E.D. Pa. Dec. 3, 2025) (denying compassionate release and noting that the defendant had "not identified any condition that 'substantially diminishes' his ability to provide self-care within the environment of a correctional facility or 'from which he or she is not expected to recover.'") (citing U.S.S.G. § 1B1.13(b)(1)(B)); *United States v. Stanley*, 757 F. Supp. 3d 179, 182 (D. Mass. 2024) ("Allegations that prison medical facilities are inferior, alone, is also an insufficient basis for compassionate release."); *United States v. Brown*, No. 12-cr-00120-ERK-MMH, 2024 WL 1639926, at *3 (E.D.N.Y. Apr. 16, 2024) (finding, where defendant provided vague allegations regarding his medical conditions--hypertension, high cholesterol, prevalence of respiratory illness, and other unspecified health conditions--and did not substantiate his claims of inadequate medical care, defendant failed to show his medical conditions constituted extraordinary and compelling reasons warranting a sentence reduction); *United States v. Salley*, No. 19-cr-00688-K, 2023 WL 1862289, at *4 (E.D. Pa. Feb. 9, 2023) ("compassionate release is not meant as a work around to address . . . alleged inadequate medical treatment").

## C.    § 3553 and Other Relevant Factors

Any relief to be granted pursuant to 18 U.S.C. § 3582(c)(1)(A) must also be consistent with consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).  *See Parker*, 461 F. Supp. 3d at 979.  As noted, the government argues that the serious nature of defendant's criminal conduct compels the conclusion that consideration of the § 3553(a) factors weighs heavily against the granting of the requested relief.  (Doc. No. 76–1 at 6–9.)  The government's argument in this regard is persuasive.  This is particularly so in light of the significantly below-guideline sentence imposed in defendant's case, the fact that defendant concededly arrived at his current place of BOP confinement only three months ago and that, though he also complains about it, defendant expects to be released to a halfway house in the near future.

/////

/////

/////

8

## CONCLUSION

For the reasons explained above:

1. Defendant David Mitchell's motion for compassionate release (Doc. No. 67) is DENIED; and

2. The Clerk of the Court is directed to once again close this case.

IT IS SO ORDERED.

Dated:   **June 25, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

9